UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DENISE FITZPATRICK, et al.,      )
                                 )
            Plaintiffs,          )
                                 )
        vs.                      )      2:03 cv 359
                                 )
CITY OF HOBART, a municipal      )
corporation; et al.,             )
                                 )
            Defendants           )

OPINION AND ORDER

This matter is before the court on the Unopposed Motion for
More Definite Statement filed by the defendants, Leo and Ruby
Kundrat, on March 25, 2005.  For the reasons set forth below,
this motion is **DENIED**.

Background

This motion for a more definite statement stems from the
First Amended Complaint filed by the plaintiffs on July 30, 2004,
in which the plaintiffs allege a conspiracy between municipal and
private entities to drive Blacks from the City of Hobart. To that
end, the complaint states that Leo and Ruby Kundrat were resi-
dents of the City of Hobart and neighbors to the Fitzpatrick
plaintiffs, a Black family. (Amended Compl. ∂∂ 13, 29). It
further states that the Kundrats did not want Blacks living in
their neighborhood, and so conspired to drive the Fitzpatricks
out through "[u]nfounded accusations of vandalism, trespass, and
theft. . . ." (Amended Compl. ∂ 44).  The complaint also refers
to actions and statements made by Ruby Kundrat in her capacity as
a neighborhood spokesperson, and suggests an improper motive by
Leo Kundrat in taking photographs of some of the younger plain-

tiffs at a bus stop. (Amended Compl. ∂∂ 49 n.7, 62, 64-65). The
Kundrats seek to have the plaintiffs more specifically outline
their claims with respect only to the Kundrats.

Discussion

Federal Rule of Civil Procedure 12(e) states,

> If a pleading to which a responsive pleading
> is permitted is so vague or ambiguous that a
> party cannot reasonably be required to frame
> a responsive pleading, the party may move for
> a more definite statement before interposing
> a responsive pleading.  The motion shall
> point out the defects complained of and the
> details desired.

A motion for a more definite statement is disfavored, and is
"only properly granted when a pleading is so vague or ambiguous
that the opposing party cannot respond, even with a simple
denial, in good faith or without prejudice to himself." ***Nielsen
v. Mitchell***, No. S85-572, 1986 WL 31577, at *71 (N.D. Ind. May 5,
1986). Thus, "[t]he rule is designed to strike, not at a mere
lack of detail, but rather at unintelligibility in a pleading."
***Nielson***, 1986 WL 31577, at *71.

In this case, the complaint does not suffer the vagueness
Rule 12(e) is designed to correct. These allegations state who
the Kundrats are and how they contribute to the conspiracy
alleged by the plaintiffs. Additionally, the court notes that the
Kundrats' motion, if granted, would necessitate a third set of
initial pleadings in response to the more specific allegations.
However, the Kundrats answered the original complaint, which
contained precisely the same allegations as the amended com-

2

plaint, on October 9, 2003.  Moreover, discovery deadlines were established on July 9, 2004, and that the Kundrats have had ample time in which to utilize the discovery process to ascertain the scope of the complaint against them. Thus, a more definite statement is not warranted.

_____

For the foregoing reasons, the Unopposed Motion for More Definite Statement filed by the defendants, Leo and Ruby Kundrat, on March 25, 2005 is **DENIED.**

ENTERED this 25th day of April, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge