UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DENISE FITZPATRICK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF HOBART, *et al.*, | ) | No. 2:03-CV-359 PS |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of Final Judgment pursuant to Rule 54(b). [DE 112.]  Plaintiffs ask this Court to enter a Rule 54(b) finding with respect to the Court's May 29, 2007, Order [Doc. 103] granting judgment in favor of Defendants City of Hobart; Hobart Police Department; Hobart Building Department; Linda M. Buzinec, in her individual capacity and her official capacity as Mayor of the City of Hobart; Brian K. Snedecor, in his individual capacity and his official capacity as Chief of the Hobart Police Department; Carroll Lewis, in his individual capacity and his official capacity as the Hobart Building Commissioner; and John Mitchell, Paul Oliver, Scott Blake, and Mike Stewart, in their official capacities as police officers with the Hobart Police Department (collectively referred to as the "City Defendants").  For the reasons set forth below, the Plaintiffs' motion is **DENIED**.

District courts "do not have carte blanche to certify partial dispositions for immediate appeal under 54(b)." *Jack Walters & Sons Corp. v. Morton Building, Inc.,* 737 F.2d 698, 701 (7th Cir.1984).  The Seventh Circuit has clearly stated that courts should not grant Rule 54(b) motions for entry of final judgment as a matter of course; rather, courts must "independently inquire whether such orders are appropriate." *Stamatakis Indus., Inc. v. J. Walter Thompson,*

*U.S.A., Inc.*, 944 F.2d 382, 383 (7th Cir. 1991).

A certification under Rule 54(b)[1] must satisfy the following three prerequisites for the appellate court to obtain jurisdiction: (1) the claim certified must be separate from the remaining claims, (2) the judgment entered on the certified claim must be final under 28 U.S.C. § 1291, and (3) the district court must expressly determine that there is "no just reason for delay," based on the effects delay of an appeal would have on the parties.  *ODC Communications Corp. v. Wenruth Invs.*, 826 F.2d 509, 511-12 (7th Cir. 1987).  Because of the strong federal policy against piecemeal review, this Court only grants Rule 54(b) requests when a failure to do so might have a harsh effect on the party seeking certification.  *U. S. General, Inc. v. Joliet*, 598 F.2d 1050, 1051 (7th Cir. 1979).

One of the most important purposes behind Rule 54(b)'s limitations is "to spare the court of appeals from having to keep relearning the facts of a case on successive appeals."  *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 702 (7th Cir. 1984).  If there are different facts (and of course different issues), consideration of the appeals in a piecemeal rather than consolidated fashion will not result in duplication of the efforts required to decide each appeal. *Amalgamated Meat Cutters v. Thompson Farms Co.*, 642 F.2d 1065 (7th Cir. 1981).  For this reason, when determining whether the claim certified is separate from the remaining claims,

---

[1] Federal Rule of Civil Procedure 54(b) provides in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

2

the Seventh Circuit has "adopted a standard which focuses on the degree of factual overlap between the issue certified for appeal and the issues remaining in the district court." *Indiana Harbor Belt R.R. Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988). For the purposes of Rule 54(b), claims are not separate, and therefore are not certifiable, if they depend on largely the same facts. *OCD Communications*, 826 F.2d at 512.

Here, Plaintiffs affirmatively state that there is a "significant factual overlap" between the claims sought to be certified for appeal and the remaining claims against Officers Blake, Stewart, Oliver and Mitchell in their individual capacities. (*See* Motion for Rule 54(b) Determination, Doc. 112, at ¶ 9.) This Court agrees. While the claims against the City Defendants are technically distinct in a legal sense from those claims against the individual police officers, it is clear that there is significant overlap of the facts underlying these claims. If this Court were to direct entry of a final judgment and the case appealed, the Seventh Circuit would have to relearn the factual basis of Plaintiffs' claims should an appeal arise after the claims against the individual police officers are resolved. This is just the sort of situation that the Seventh Circuit has sought to avoid under Rule 54(b). An entry of a final judgment at this juncture could only serve to foster piecemeal appeals.

Moreover, Plaintiffs have not demonstrated that they will suffer any undue hardship by having to wait to appeal everything at the conclusion of this case. Taking into consideration the strong federal policy against piecemeal appeals, and the fact that Plaintiffs have not demonstrated that they will suffer any harsh result by waiting, we cannot make a determination that there is no "just reason for delay."

For the reasons set forth above, the Plaintiffs' motion is **DENIED**.

**SO ORDERED.**

ENTERED: July 18, 2007

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT